UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZINOVIY LEVITANT,

                Plaintiff,

- against -

WORKERS COMPENSATION BOARD OF THE STATE OF NEW YORK, COMMISSIONERS OF THE NEW YORK STATE WORKERS COMPENSATION BOARD, in their individual and official capacities, CITY OF NEW YORK, and ZACHARY CARTER, in his individual and official capacities,

                Defendants.

**OPINION AND ORDER**

16 Civ. 6990 (ER)

Ramos, D.J.:

This case arises from a dispute concerning the eligibility of Plaintiff Zinoviy Levitant ("Plaintiff" or "Levitant") for worker's compensation benefits. Levitant brings claims under 42 U.S.C. § 1983 ("Section 1983") against Defendants Worker's Compensation Board of the State of New York ("WCB") and the Commissioners of the New York State Workers Compensation Board (together, the "State Defendants"), as well as Zachary Carter and the City of New York (together, the "City Defendants").[1] The State and City Defendants have each moved to dismiss the claims against them. Docs. 41, 43. In response, Levitant has filed a proposed Second Amended Complaint ("SAC"). Doc. 56. For the following reasons, Defendants' motions are GRANTED and Levitant's motion is DENIED.

---

[1] In the original Complaint (Doc. 1) and the First Amended Complaint ("FAC") (Doc. 14), Plaintiff brought a cause of action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Because Plaintiff has removed that cause of action from the Second Amended Complaint, the Court considers it abandoned. *See Allen v. N.Y.C. Housing Auth.*, No. 10 Civ. 168 (CM), 2012 WL 4794590, at *4 (S.D.N.Y. Sep. 11, 2012) ("A party may voluntarily drop claims by choosing not to include them in a proposed amended pleading. In such a circumstance, it is appropriate for the Court to dismiss the abandoned claims with prejudice.").

I.  **FACTUAL AND PROCEDURAL BACKGROUND**[2]

Zinoviy Levitant worked as a case worker for the New York City Human Resources Administration. FAC ¶ 2. He was injured at work on three occasions—August 14, 1997, April 30, 1999, and February 19, 2002. *Id.* In 2005, he suffered a relapse of the 2002 injury to his back and left thigh. *Id.* Levitant was forced to take additional time off, beginning on September 13, 2005. *Id.* After he exhausted the sick and vacation leave he had accrued, Levitant sought worker's compensation benefits by appearing before the WCB, which denied his claim for compensation due to a physical disability. *Id.* Levitant thereafter attempted to return to work but was unable to remain fully employed, presumably due to his disabilities. *Id.* Levitant was, however, approved for Social Security Disability and a disability pension under the New York City Employees' Retirement System and began psychiatric treatment around this time. *Id.*

Levitant later sought to re-open his WCB proceedings in light of what he described as further physical and psychiatric disability. *Id.* When he was referred for an independent medical examination, however, he developed aggravated hypertension as a result of an unspecified incident that occurred during the examination. *Id.* Levitant was also referred to an impartial specialist who determined that Levitant suffered from "a consequential psychiatric condition which was disabling." *Id.* A panel of WCB commissioners determined that Levitant sustained a partial psychiatric disability. *Id.* They remanded the case to an administrative law judge ("ALJ") to determine an appropriate award. *Id.* At some point during these proceedings, Levitant requested a change of venue because he felt that he was monitored by WCB security every time he appeared before the WCB, and because one of the attorneys representing the City

---

[2] The following facts are based on the allegations in the FAC and the SAC, which the Court accepts as true for purposes of the instant motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

of New York was appointed to be an ALJ in that venue (although Levitant does not allege that this attorney became the ALJ presiding over his case). *Id.* ¶ 4. That request was denied. *Id.*

On January 7, 2015, the ALJ in Levitant's case determined that he was not entitled to an award until he demonstrated that he was still seeking employment in the labor market. *Id.* ¶ 2.[3] The judge did, however, direct the City to pay for treatment costs. *Id.*

Levitant thereafter attempted to attach himself to the labor market, and sought to re-open his case again. *Id.* ¶¶ 3, 5. In January 2015, Levitant was scheduled to provide testimony before the ALJ. *Id.* ¶ 5. However, the hearing was abruptly suspended and the ALJ ordered WCB security officers to monitor Levitant. *Id.* Levitant, under the stress of this event, became ill and went to the emergency room for treatment of his hypertension. *Id.* Levitant then renewed his request for a change of venue, which was denied. *Id.* It is unclear whether the terminated hearing was ever held, or if the ALJ ever issued a subsequent opinion. However, Levitant states that as of November 2015, he had an appeal pending with the WCB on the following issues: (1) whether he was entitled to an award of compensation after March, 22, 2006; (2) whether the ALJ erroneously precluded testimony from Levitant's physician regarding his hypertension; (3) whether Levitant's request to change venue should have been granted; and (4) whether Levitant should be able to offer testimony to the WCB by phone. *Id.* That month, Levitant reached out to his congressional representative, Daniel Donovan, and an aide from his office made an inquiry about the status of Levitant's appeal on November 23, 2015. *Id.* ¶ 6. On December 3, 2015, the WCB issued an opinion denying all of Levitant's appeals. *Id.* Levitant appealed the WCB's decision to the Third Department of the New York Appellate Division and requested

---

[3] Where a claimant for worker's compensation benefits in New York suffers from a permanent partial disability, but has not been found to be involuntarily retired, he must demonstrate attachment to the labor market—that is, "evidence of a search for employment within [his] medical restrictions." *Peck v. James Square Nursing Home*, 34 A.D.3d 1033, 1034 (3d Dep't 2006).

reconsideration in front of the full panel of WCB Commissioners. *Id.* Although his appeal before the Third Department is still pending, his motion for reconsideration was denied. *Id.*

On September 7, 2016, Levitant filed the initial complaint in this case. *See* Compl. (Doc. 1). On November 28, 2016, Levitant filed the FAC, bringing three causes of action. First, he alleged that the Defendants violated Section 1983 and deprived him of his due process rights by requiring that he demonstrate attachment to the labor force in order to obtain worker's compensation benefits. FAC ¶ 14. Within this cause of action, Levitant also seemed to allege that he was retaliated against for reaching out to Representative Donovan's office. *See id.* ¶ 24. Levitant sought an injunction directing the WCB to pay him partial worker's compensation benefits and sought damages for mental distress. *Id.* ¶¶ 25–26. Second, Levitant alleged that the WCB violated Section 1983 by denying his request for a change in venue, which limited his ability to exercise his right to free speech. *Id.* ¶ 30. Third, Levitant alleged that the WCB violated the ADA by denying his requests to change venue and to appear telephonically. *Id.* ¶ 36.[4] On January 6, 2017, the City Defendants and the State Defendants each moved to dismiss the FAC. Docs. 41, 43. Plaintiff sought leave to file a proposed Second Amended Complaint on October 16, 2017. Doc. 56.

The SAC includes substantially the same factual allegations as the FAC, but has amended Levitant's requests for relief. The first cause of action requests an injunction "order[ing] the Defendant Compensation Board and the Commissioners of the Board to determine if they can adjudicate entitlement to wage loss without the forfeiture of [Levitant's] right to receive social security disability and NYC Employees' Retirement benefits." SAC ¶ 25. In the SAC, Levitant prays for monetary relief only from the Commissioners in their individual capacities. *Id.* In the

---

[4] As discussed in note 1, *supra*, this cause of action was subsequently abandoned.

4

second cause of action, Levitant adds allegations against the City Defendants, noting that "in refusing and objecting to the payment of medical treatment" in the underlying worker's compensation claim, they have required Levitant to seek redress with the WCB and therefore are responsible for the injuries he suffered by being unable to change venue. *Id.* ¶ 32. Finally, the SAC does not bring any claims arising under the ADA.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Koch*, 699 F.3d at 145. However, the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

B.   **Motion to Amend**

A court may deny leave to amend a complaint for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). A court may deny a motion to amend on the basis of futility "only where no colorable grounds exist to support the proposed claim." *Allison v. Clos-ette Too, L.L.C.*, No. 14 Civ. 1618 (LAK) (JCF), 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015). Futility is assessed using the same standard as dismissal for failure to state a claim; thus, leave to amend will be denied only "if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

## III.   DISCUSSION

A.   **Dismissal for Improper Service**

The City Defendants argue that all claims against them should be dismissed because service of the Complaint was improper under Rule 4(m) of the Federal Rules of Civil Procedure. *See* Memorandum of Law in Support of City Defendants' Motion to Dismiss ("City Mem.") (Doc. 42) at 8; Reply Memorandum of Law in Support of City Defendants' Motion to Dismiss ("City Reply Mem.") (Doc. 61) at 6.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 439–40 (S.D.N.Y. 2012) (quoting *Dynegy Mistream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006)). Rule 4(m) of the Federal Rules of Civil Procedure requires that service of a complaint be completed within ninety days of the filing of the complaint. *See* Fed R. Civ. P. 4(m). Rule 4(c) provides that a plaintiff is responsible for effectuating service. *See id.*

4(c)(1). If a defendant is not served within ninety days, a court "must dismiss the action without prejudice . . . or order that service be made within a specified time." *Id.* 4(m). However, a court may not dismiss for lack of service if the plaintiff shows "good cause" for the failure to serve the summons and complaint within ninety days. *Id.*

Here, the Complaint was first docketed on September 7, 2016. *See* Doc. 1. There is nothing in the record to suggest that Defendants were ever served with the Summons and Complaint, much less within ninety days. Before the ninety day period elapsed, on November 28, 2016, Levitant filed the FAC. *See* Doc. 14. All Defendants, including City Defendants, were served with the FAC before December 27, 2016, within the ninety day window of the filing of the FAC, but after the expiration of the ninety day window to have served the initial complaint. *See* Docs. 25–26. City Defendants contend that despite being properly served with the FAC, the FAC should still be dismissed because Plaintiff never served the Complaint in the time provided under the Federal Rules. *See* City Mem. at 8. Plaintiff does not address service of the Complaint either his opposition to Defendants' motion to dismiss nor in his reply in support of his motion to amend.

Although Levitant filed the FAC during the ninety day period after the filing of the original Complaint, the filing of an amended complaint neither restarts nor tolls the time period to serve summons and a complaint under Rule 4(m). *See Simpson v. Wells Fargo Bank*, No. 15 Civ. 1487 (JMF), 2016 WL 10570967, at *2 (S.D.N.Y. Dec. 15, 2016); *Sikhs for Justice*, 893 F. Supp. 2d at 607; *Cioce v. Cty. of Westchester*, No. 02 Civ. 3604 (HB), 2003 WL 21750052, at *3 (S.D.N.Y. July 28, 2003), *aff'd* 128 F. App'x 181 (2d Cir. 2005).[5] Further, Levitant has not

---

[5] In *Cioce*, the original complaint was filed on May 9, 2002. The amended complaint was filed on August 19, 2002, and was fully served on December 2, 2002. *Id.* In 2002, a party had 120 days to serve a summons and complaint— therefore, Cioce's amended complaint was dismissed despite being filed within the time period contemplated by

7

made any arguments—or put forward any evidence—that show good cause for his failure to properly serve Defendants. Therefore, the Court finds it should dismiss the claims against Defendants.[6] The Court also finds that dismissing the complaint for failure to effectuate proper service is appropriate because Levitant is represented and not entitled to the special solicitude afforded to *pro se* litigants. *See Simpson*, 2016 WL 10570967, at *2.[7]

### B. Futility of Amendment

Although the Court finds that it must dismiss the claims against Defendants due to improper service, which cannot be cured by further amendment of the Complaint, the Court notes additional reasons why granting Levitant leave to file the SAC would be futile.

#### 1. Immunity of State Defendants

The State Defendants argue that Defendant WCB is immune from suit in federal court under the doctrine of sovereign immunity. *See* Memorandum of Law in Support of State Defendants' Motion to Dismiss ("State Mem.") (Doc. 45), at 7–8; Reply Memorandum of Law in Support of State Defendants' Motion to Dismiss ("State Reply Mem.") (Doc. 62), at 6–7. "It is now settled that a state cannot be sued under Section 1983, and that this rule applies to States or governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes." *Komlosi v. New York State Office of Mental Retardation and Developmental Disabilities*, 64 F.3d 810, 815 (2d Cir. 1995) (internal citation and punctuation omitted). The

---

Rule 4(m) because service was not effectuated against all Defendants until 207 days after the filing of the original complaint. *Id.*

[6] The Court notes that it may dismiss the complaint even if doing so "in combination with the statute of limitations, would effectively amount to dismissal with prejudice." *Simpson*, 2016 WL 10570967, at *1. None of the parties have discussed the statute of limitations applicable to Levitant's claims. However, much of the conduct at issue in the Complaint took place in late 2015, *see* FAC ¶¶ 2–6, and the statute of limitations for Section 1983 cases in New York is three years. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).

[7] Although the State Defendants do not raise the issue of service in their motion papers, the Court finds that the reasons that compel it to dismiss the FAC as to the City Defendants counsel toward dismissal of the FAC with respect to the State Defendants as well.

8

WCB is one such state agency. *O'Diah v. New York City*, No. 02 Civ. 274 (DLC), 2002 WL 1941179, at *6 (S.D.N.Y. Aug. 21, 2002) ("[T]he Workers' Compensation Board [is a] state entit[y] for purposes of Eleventh Amendment immunity."). Because the WCB has not waived its immunity, it may not be sued under Section 1983 even if the remedy sought is equitable. *See Komlosi*, 64 F.3d at 815 (finding that a state agency was immune from suit for prospective relief as well as for compensatory damages); *Phillips v. New York State Dep't of Labor Unemployment Ins. Appeal Bd.*, No. 11 Civ. 1633 (JS), 2011 WL 2837499, at *2 (E.D.N.Y. July 12, 2011) ("The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity."). Therefore, amendment with respect to claims against the WCB itself would be futile.

With respect to the Defendant Commissioners, the State Defendants argue first that they enjoy absolute immunity because the conduct alleged in the SAC involves "quasi-judicial acts . . . including decisions on benefits and procedural matters, such as venue and the integrity of proceedings in the hearing room." State Mem. at 9. Judges, including ALJs, have absolute immunity from suits for damages arising out of judicial acts. *See Phillips*, 2011 WL 2837499, at *2 ("Absolute judicial immunity extends to ALJs.") (citing *Butz v. Economou*, 438 U.S. 478, 514 (1978)). Further, under the 1996 Amendments to Section 1983, injunctive relief is unavailable in claims against judicial officers, acting in their judicial capacities, "absent an allegation of a violation of a prior declaratory decree." *See Jacobs v. Mostow*, 271 F. App'x 85, 88 (2d Cir. 2008).[8] Levitant's first cause of action alleges that his due process rights were violated because

---

[8] The 1996 Amendments do not bar a plaintiff from seeking declaratory relief, or from seeking injunctive relief when declaratory relief is unavailable. *See* 42 U.S.C. § 1983. Levitant, however, has not sought declaratory relief in this case, nor has he adequately explained why such relief is unavailable to him. *See* SAC ¶¶ 37–39; Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Doc. 57) at 5.

9

the WCB erred in "enforc[ing] a broad requirement that partially disabled claimants attach themselves to the labor market regardless of their receipt of Social Security Disability and any form of employer provided disability pension." SAC ¶ 17. Levitant's second cause of action alleges that his First Amendment rights were violated when the WCB denied his motion to transfer venue and to appear telephonically. SAC ¶¶ 30–31. While Levitant's arguments about the content of the WCB's decisions may form the basis of a direct appeal—and indeed, Levitant has appealed the decision to the Third Department, *id.* ¶ 6—they cannot form the basis of a Section 1983 claim. Under the doctrine of judicial immunity and the 1996 Amendments, this Court has no authority to direct the WCB "to determine if wage loss can be adjudicated . . . without requiring proof of attachment to the labor market, to transfer the venue of the Plaintiff's worker's compensation hearings, to direct that hearings accommodate the Plaintiff's medical condition, [or] to compensate the Plaintiff for the prior and ongoing violation of his civil rights." SAC ¶ 38. Therefore, allowing amendment of any claims against the State Defendants would be futile.

### 2. Failure to State a Claim Against City Defendants

The City Defendants argue that the claims against them must be dismissed because to the extent the City was involved in a deprivation of Levitant's rights, it was only insofar as the City, acting as Levitant's employer, denied him worker's compensation benefits, and the WCB has exclusive jurisdiction over worker's compensation claims. *See* City Mem. at 5–8, 9.

Tellingly, Levitant's prayer for relief seeks relief only from the WCB and does not mention the City Defendants at all. *See* SAC ¶¶ 37–39. Where the SAC does mention the City Defendants, it describes two types of behavior: first, the City's initial denial of benefits to Levitant, *id.* ¶¶ 2, 4, 6, and second, the City's argument during WCB proceedings that Levitant

was required to demonstrate attachment to the labor market, *id.* ¶¶ 15–16.[9] To the extent that Levitant believes the City Defendants should not have denied his application for worker's compensation, that claim may only be adjudicated by the WCB and this Court lacks jurisdiction to hear it. *See The Homeless Patrol v. Joseph Volpe Family*, No. 09 Civ. 3628 (GBD) (FM), 2010 WL 2899099, at *17 (S.D.N.Y. June 29, 2010) (noting that a plaintiff's only remedy following the denial of a worker's compensation claim was a direct appeal through the WCB process), *report and recommendation adopted by* 2010 WL 2899076 (S.D.N.Y. July 22, 2010), *aff'd* 425 F. App'x 60 (2d Cir. 2011); *see also Sims v. New York City Dep't of Parks and Recreation*, No. 08 Civ. 5741 (JSR), 2010 WL 46370, at *3 (S.D.N.Y. Jan. 6, 2010) ("[T]here is no subject matter jurisdiction for Plaintiff's remaining [worker's compensation] claims, because such claims fall within the exclusive jurisdiction of the New York Workers' Compensation Law."). To the extent that Levitant's claims against the City Defendants are based on the arguments made by Defendant Carter in defending against Levitant's workers' compensation claim before the WCB, Defendant Carter enjoys absolute immunity from suits for damages arising from "acting as a government attorney in defense of a civil suit against the City of New York." *Washington v. Alston*, 172 F.3d 39, 1999 WL 66152 (Table) (2d Cir. 1999); *see also Spear v. Town of West Hartford*, 954 F.2d 63, 66 (2d Cir. 1992) ("Such immunity extends . . . to government attorneys defending civil suits . . . ."). Even as amended in the SAC, then, Levitant's claims against the City Defendants could not overcome a motion to dismiss, and amendment is denied as futile.

---

[9] Levitant makes no reference to City Defendants when alleging that the WCB retaliated against him. *Id.* ¶ 24. When discussing his claim for change of venue, Levitant argues that the City Defendants injured him "by virtue of the Board's refusal to change venue." *Id.* ¶ 32. Levitant seems to be suggesting that the City Defendants are ultimately responsible for the WCB's actions because their refusal to pay Levitant worker's compensation led him to seek an adjudication from the WCB.

## IV. AMENDMENT

Levitant does not specifically request leave to further amend the complaint in the event that the Court found that the SAC could not survive a motion to dismiss. Although the Second Circuit has reaffirmed that the "liberal spirit" of Federal Rule of Civil Procedure 15 embodies a "strong preference for resolving disputes on the merits," the ability to further amend is not unlimited. *See Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotations omitted).

Here, Levitant has already amended the complaint once, and the Court has determined that the SAC, filed after Defendants filed their motions to dismiss, would not be able to survive a subsequent motion to dismiss. The reasons why the FAC and SAC must be dismissed cannot be readily ameliorated by amendment. Specifically, at this late date, Levitant cannot cure his failure to properly serve the original Complaint within ninety days of its filing. Further, given the nature of the claims, Levitant cannot properly plead his claims in federal court, given the immunity of the WCB, the WCB commissioners, and Defendant Carter. Therefore, the Court finds that dismissing the complaint with prejudice is appropriate.

## V. CONCLUSION

Accordingly, Defendants' motions to dismiss are GRANTED and Plaintiff's motion to amend is DENIED. The Clerk of Court is respectfully directed to terminate the motions (Docs. 41, 43, 55, 56), and to close the case.

It is SO ORDERED.

Dated: March 8, 2018
New York, New York

Edgardo Ramos, U.S.D.J.