**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

ZINOVIY LEVITANT,

                              Plaintiff,

- against -

WORKERS COMPENSATION BOARD OF THE STATE OF NEW YORK, COMMISSIONERS OF THE NEW YORK STATE WORKERS COMPENSATION BOARD, in their individual and official capacities, CITY OF NEW YORK, and ZACHARY CARTER, in his individual and official capacities,

                              Defendants.

**OPINION AND ORDER**

16 Civ. 6990 (ER)

Ramos, D.J.:

This case arose from a dispute concerning the eligibility of Plaintiff Zinoviy Levitant for worker's compensation benefits. Levitant brought claims under 42 U.S.C. § 1983 against the Worker's Compensation Board of the State of New York ("WCB") and the Commissioners of the WCB (together, the "State Defendants"), as well as Zachary Carter and the City of New York (together, the "City Defendants").[1] The State and City Defendants moved to dismiss all claims, and Levitant filed a proposed Second Amended Complaint. Docs. 41, 43, 56. In an Opinion and Order issued March 8, 2018 (the "March 2018 Order"),[2] the Court granted Defendants' motion to dismiss all claims and denied Levitant's motion to amend the complaint. Doc. 68.

---

[1] In his original Complaint and First Amended Complaint, Levitant also brought a cause of action under the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq.*, but he abandoned this claim in his proposed Second Amended Complaint. *See* Docs. 1, 14, 56 Ex. 2.

[2] The facts and procedural history of this case are discussed in the underlying March 2018 Order, familiarity with which is presumed. *See Levitant v. Workers Comp. Bd. of N.Y.*, 16 Civ. 6990 (ER), 2018 WL 1274734 (S.D.N.Y. Mar. 8, 2018).

On April 6, 2018, Levitant moved for reconsideration of the March 2018 Order. Doc. 70. The City Defendants responded on April 10, 2018, and the State Defendants responded on April 19, 2018. Docs. 71, 72. Levitant failed to file a reply. For the reasons set forth below, Levitant's motion is DENIED.

I.  **LEGAL STANDARD**

Levitant moves for reconsideration under Federal Rule of Civil Procedure 59(e). Rule 59(e) provides that "[a] motion to alter or amend the judgment must be filed no later than 28 days after the entry of the judgment."

A motion to alter a judgment under Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013)). The Second Circuit has noted that it is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

"The standards for relief" under Rule 59(e) are "identical" to those for motions for reconsideration under Local Civil Rule 6.3. *See Ramirez v. United States*, No. 05 Civ. 4179 (SAS), 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013) (internal quotation marks and citation omitted). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Both rules are "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14 Civ. 2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) (internal quotation marks and citation omitted). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Furthermore, whether to grant or deny a motion brought under Rule 59(e) is within "the sound discretion of the district court." *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08 Civ. 5048 (HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009); *see also McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

## II. DISCUSSION

Levitant moves for reconsideration of the Court's March 2018 Order granting Defendants' motion to dismiss all claims and denying Levitant leave to further amend the Complaint because doing so would be futile. Levitant makes three arguments. First, he argues that the Court erred in dismissing the claims because good cause existed for Levitant's failure to properly serve Defendants with the original Complaint. Doc. 70 at 4–10. Second, he argues that the Court erred in finding that claims against the WCB Commissioners would be futile. *Id.* at 10–12. Finally, he argues that this Court erred in denying injunction relief. *Id.* at 12. The Court considers each of these arguments in turn.

### A. Timeliness

As an initial matter, Defendants argue that Levitant's motion for reconsideration is time-barred under Local Rule 6.3, which requires that a notice of motion for reconsideration be served within fourteen days after the entry of a court's determination of the original motion. Doc. 71 at 2. However, Defendants concede that the motion is timely under Rule 59(e). *Id.* Levitant's motion is premised on Rule 59(e) of the Federal Rules of Civil Procedure, which requires a motion to alter or amend a judgment to be filed within twenty-eight days of the entry of judgment. *See* Fed. R. Civ. P. 59(e). In this case, the Court issued the Order on March 8, 2018, and judgment was entered on March 9, 2018. Docs. 68, 69. Levitant filed his motion for reconsideration on April 6, 2018, exactly twenty-eight days later. Therefore, Levitant's motion is timely.[3]

### B. Service

In its March 2018 Order, the Court granted Defendants' motion to dismiss, in part, because Levitant had failed to properly serve Defendants with his original complaint. *Levitant v. Workers Comp. Bd. of N.Y.*, 16 Civ. 6990 (ER), 2018 WL 1274734 (S.D.N.Y. Mar. 8, 2018), at *3–4. Although Levitant filed his First Amended Complaint during the ninety-day period after the filing of the original Complaint, the Court noted that the filing of an amended complaint neither restarts nor tolls the time period to serve summons and a complaint under Federal Rule of Civil Procedure 4(m). *Id.* at *4.

---

[3] Even if Levitant had brought his motion under both Rule 59(e) and Local Rule 6.3, the fourteen-day limitation applicable to Local Rule 6.3 only applies "[u]nless otherwise provided by the Court or by statute or rule." Thus, most courts have found that Local Rule 6.3 does not supplant the time limit applicable to motions brought under Rule 59(e). *See, e.g.*, *Smith v. City of New York*, No. 12 Civ. 8131 (JGK), 2014 WL 2575778, at *1 (S.D.N.Y. June 9, 2014) ("The fourteen-day time limit applicable to motions under Local Rule 6.3 does not, for present purposes, trump the time limits applicable under Rules 59(e) and 60(b) for motions directed to modifying a Judgment."); *Simpson v. City of New York*, No. 12 Civ. 6577 (KBF), 2014 WL 595759, at *1 (S.D.N.Y. Feb. 10, 2014) ("[I]t would appear that the 28-day limitation in Federal Rule 59(e) supersedes the 14-day limitation in Local Rule 6.3.").

In his motion for reconsideration, Levitant seeks to advance for the first time that good cause existed for his failure to properly serve Defendants with the original Complaint as required by Federal Rule of Civil Procedure 4(m). Regardless of whether good cause existed for Levitant's failure to properly serve Defendants with the original Complaint, no good cause exists for why Levitant failed to raise these arguments in the first instance. Levitant's "good cause" argument presents a new legal theory improperly raised for the first time on a motion for reconsideration. The Court therefore declines to consider Levitant's "good cause" argument as a basis for reconsideration.[4] *See Albury v. J.P. Morgan Chase*, No. 03 Civ. 2007(HBP), 2005 WL 1653939 (S.D.N.Y. July 14, 2005), at *3 ("Except where a movant is relying on new facts that could not have been previously discovered or newly promulgated law, additional facts or new legal theories cannot be asserted by way of a motion for reconsideration.").

## C. Absolute Immunity of the Commissioners

The Court further found in its March 2018 Order that the State Defendants—including the Defendant Commissioners being sued in their individual capacities—enjoyed absolute judicial immunity from suits arising out of judicial acts. *Levitant*, 2018 WL 1274734, at *4–5. The only way this immunity may be overcome is "if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were 'in the complete absence of all jurisdiction.'" *Phillips v. New York State Dep't of Labor Unemployment Ins. Appeal Bd.*, No. 11 Civ. 1633 (JS) (ARL), 2011 WL 2837499, at *2 (E.D.N.Y. July 12, 2011) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

---

[4] The Court notes that Levitant is represented by counsel and "is not entitled to the 'special solicitude' normally accorded to a *pro se* litigant." *See Simpson v. Wells Fargo Bank*, 15 Civ. 1487 (JMF), 2016 WL 10570967 (S.D.N.Y. Dec. 15, 2016), at *2 (internal citation omitted). Furthermore, to date, Levitant has still not served Defendants with the original Complaint.

Levitant argues that the Court erred in making this determination because the Commissioners' acts were plausibly outside the scope of their official capacities, especially with regards to the retaliation claims. Not only could these arguments have been raised in previous briefing, making them inappropriate grounds for reconsideration, but they are also completely without merit. In his proposed Second Amended Complaint, Levitant claims that "[t]he Compensation Board retaliated against [him] for claiming wage loss benefits, after months of delay, suddenly denying all his outstanding claims and demanding that he appear at the Compensation Brooklyn District." Doc. 56, Ex. 2 ¶ 24. He also claims that the Second Amended Complaint sought to individually name the Commissioners "who signed the Board decision denying a change in venue and requiring labor market attachment." Doc. 70, at 11 n.1. These actions—denying Levitant's outstanding claims, including his request to change venue, and requiring labor market attachment—are undoubtedly judicial in nature. The Court therefore denies Levitant's motion for reconsideration of the Court's initial determination regarding absolute judicial immunity.

### D. Denial of Injunctive Relief

Finally, Levitant argues that the Court erred in denying his request for injunctive relief because "declaratory relief was unavailable[,] as an appeal under WCL Section 23 would address only the decision of the Compensation Board appealed from and would not redress his present loss of authorized treatment." *Id.* at 12. This argument was previously raised in Levitant's opposition to the motion to dismiss. Doc. 57 at 5. It was considered—and rejected—by the Court. A motion for reconsideration is not "a substitute for appeal," *Boart Longyear Ltd. v. All. Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision, *R.F.M.A.S., Inc. v. Mimi*

*So*, 640 F. Supp. 2d 506, 512–13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart Longyear Ltd.*, 869 F. Supp. 2d at 418 (internal quotation marks and citation omitted). Levitant's rehashing of previously-raised arguments cannot constitute grounds for reconsideration.

### III. CONCLUSION

For the foregoing reasons, Levitant's motion for reconsideration is DENIED.

SO ORDERED.

Dated: November 7, 2019
      New York, New York

                                                        Edgardo Ramos, U.S.D.J.